**Hilda ROMERO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76317.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Reza G. Athari, Esq., Immigration Law Offices of Reza G. Athari, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre,

Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Hilda Romero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' adoption and affirmance of an immigration judge's ("IJ") denial of her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary hardship determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887 (9th Cir.2003). Although we retain jurisdiction to review due process challenges to that determination, petitioner's contention that the IJ failed to consider all the relevant factors in his case is not supported by the record and fails to state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005); *Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000) (rejecting contention that the agency did not consider entire record where there was no basis for rebutting presumption that the agency reviewed all the relevant evidence).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Although we have jurisdiction to review petitioner's contention that the IJ deprived her of due process by limiting her counsel's closing argument, we conclude that petitioner failed to demonstrate how the IJ's limitations caused her prejudice. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.